**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-1673-WJM-KMT

2505 6TH STREET, LLC D/B/A BAYMONT BY WYNDAM LIMON,

     Plaintiff,

v.

WESTGUARD INSURANCE COMPANY, and
AMGUARD INSURANCE COMPANY,

     Defendants.

**ORDER DENYING PROPOSED INTERVENOR'S MOTION TO INTERVENE**

In this action, Plaintiff 2505 6th Street, LLC, d/b/a Baymont by Wyndam Limon ("Baymont") brings breach of contract claims against WestGUARD Insurance Company and AmGUARD Insurance Company (jointly, "Defendants"). (ECF No. 5.) This matter is before the Court on the Motion of Logan Clay and Melissa Clay ("the Clays") to Intervene ("Motion to Intervene"), filed on July 2, 2021. (ECF No. 17.)

For the reasons stated below, the Motion to Intervene is denied.

**I. BACKGROUND**

Baymont maintains a hotel property located at 2505 6th Street, Limon, Colorado (the "Property"). (ECF No. 5 ¶ 3.) Baymont purchased an insurance policy from Defendants providing coverage for direct physical loss or damage to the Property, with effective dates of November 1, 2019 through November 1, 2020. (*Id.* ¶ 18–19.) On August 2, 2020, a hailstorm damaged the Property. (*Id.* ¶ 24.) Baymont alleges that

Defendants failed to provide an estimate for the repair of the damage caused by the storm and failed to provide payment for the damage.  (*Id.* ¶ 58.)

On May 18, 2021, Baymont sued Defendants for breach of contract, unreasonable delay, denial of payment of covered benefits, and bad faith.  (*Id.*)

On July 2, 2021, the Clays filed the Motion to Intervene.  (ECF No. 17.)  The Clays seek to intervene and assert a premises liability claim against Baymont and a bad faith claim against Defendants.  (ECF No. 17-1.)  The Clays allege that they were exposed to black mold because Baymont failed to exercise reasonable care in maintaining the Property.  (*Id.* ¶ 72.)  They further allege that they have suffered damages as a result of their exposure to the black mold.  (*Id.*)

Baymont filed a response to the Clays' Motion to Intervene on July 26, 2021, and the Clays filed their reply on August 18, 2021.  (ECF Nos. 26 & 33.)  Defendants have not taken a position regarding the Motion to Intervene.

## II. ANALYSIS

The Clays seek to intervene both as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Federal Rule of Civil Procedure Rule 24(b).  (ECF No. 17 at 5.)  The Court will address both contentions in turn.

**A.    Intervention by Right**

Rule 24(a)(2) provides that, on timely motion, the Court must permit intervention as of right to anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

Because it is undisputed that the Clays' Motion to Intervene is timely and that their interests are not adequately represented, the Court focuses its analysis on the two remaining requirements for intervention by right.

    i.    *The Clays' Interest in the Subject of the Action*

"Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019). The Tenth Circuit requires that a movant's "interest in the proceedings be direct, substantial, and legally protectable." *Id.* (quotations and brackets omitted); *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) ("A protectable interest is one that would be impeded by the disposition of the action.")

The subject of this action is Defendants' alleged failure to compensate Baymont for property damage under a commercial property insurance policy. (ECF No. 5.) The Clays' claims, on the other hand, are based on allegations that Baymont failed to exercise reasonable care in the maintenance of the Property, leading to an infestation of

3

black mold and harmful health consequences.  (ECF No. 17-1 ¶ 72.)  The Clays claim to have a protected interest in this case for two reasons.

First, the Clays argue that their "ability to protect their interest of receiving compensation for their medical damages resulting from the infestation of mold" would be impeded by the disposition of this case.  (ECF No. 17 at 6.)  They assert that the doctrines of claim preclusion and issue preclusion will likely bar them from recovering damages in a separate action.  (*Id.*)  But Baymont and Defendants are not litigating the issue of liability for the black mold infestation.  (ECF No. 26 at 10.)  The Court is not persuaded that a judgment on the breach of contract claims will impede the Clays' interest in seeking compensation for damages caused by Baymont's alleged negligent maintenance of the Property.

Second, the Clays argue that they have an interest in the insurance policy that is at the heart of this action, though they acknowledge that they are not signatories or named beneficiaries of the policy.  (ECF No. 17 at 7.)  But given the nature of their allegations, any interest that the Clays have in the insurance policy is limited to its potential indemnification of Baymont against their premises liability claim; and the premises liability claim is based on allegations that are not at issue in this case, such as whether Baymont breached his duty of care as a landlord and whether that breach caused physical harm to the Clays.  Thus, the Clays' interest in the proceeding is not "direct and substantial." *Barnes*, 945 F.3d at 1121.  Further, their interest is not a protectable interest because a judgment on Baymont's breach of contract action seeking compensation related to property damage would not impede the Clays' interest, which stems from allegations of negligent maintenance of the Property.  *W. Energy All.*,

4

877 F.3d at 1165 ("A protectable interest is one that would be impeded by the disposition of the action.").

  ii.  *Potential Impairment of the Clays' Interest*

A prospective intervenor must show that "impairment of its substantial legal interest is possible if intervention is denied." *Barnes*, 945 F.3d at 1121. A showing of impairment need not be of a strictly legal nature. *Id.* To the contrary, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (quotations omitted).

The Clays seek "compensation for their medical damages resulting from the infestation of mold." (ECF No. 17 at 6.) The disposition of this case will not directly and substantially affect that interest, as the Court explained in Section II.A(i), above. Additionally, the Clays can adequately pursue their claims in state court. Therefore, the Clays' interest will not be impaired or impeded by the disposition of this case.

Because the Clays cannot show a protectable interest in the subject of this action and cannot show that the disposition of this action would impair or impede their interest, the Court finds that the Clays cannot intervene as a matter of right.

**B. Permissive Intervention**

Rule 24(b)(1)(B) provides that, on timely motion, the Court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." The decision to grant or deny a motion for permissive intervention under Rule 24(b) is within the district court's sound discretion. *See, e.g.*, *City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

5

In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Clays point to several common questions of fact that their claims and Baymont's claims share. (ECF No. 33 at 2–3.) But the common questions of facts are far outweighed by the numerous factual disputes that would be interjected into the case if the Court permitted intervention. These new questions of fact would include: complex factual questions regarding the causation, nature, and extent of the Clays' injuries; and factual questions related to whether Baymont's actions breached the duty of care he owed to the Clays. Adding the Clays' claims to this action would also introduce numerous legal issues, including defining the standard of care to which Baymont should be held in the circumstances and considering Baymont's affirmative defenses. The Court concludes that the addition of so many substantial factual and legal issues would cause significant and undue delay and confusion in the litigation of this action.

The Court is also concerned that the Clays' intervention would lead to significant procedural issues. If the Clays were to intervene with claims against Baymont, Defendants would likely have a contractual duty to defend Baymont. (ECF No. 26 at 12.) As a result, Defendants would be required to defend themselves against Baymont while representing Baymont against the Clays in the same case. Such a result would introduce unnecessary confusion to the proceedings and possible prejudice to Baymont.

Under the circumstances and considering the fact that the Clays have an adequate remedy in state court, the Court concludes that permissive intervention is not warranted. Accordingly, the Motion to Intervene is denied.

## III. CONCLUSION

For the reasons set forth above, the Motion to Intervene (ECF No. 17) filed by Logan Clay and Melissa Clay is DENIED.

Dated this 24th day of November, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

7